Priority ✓✓
Send ✓
Enter ✓
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only___

FILED
CLERK, U S DISTRICT COURT

AUG 3 0 2001

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY



ENTERED
CLERK, U.S. DISTRICT COURT

SEP -5 2001

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| VALERIA NICOLESCU MATASAREANU | ) Case No.   CV 97-6531 CAS (RC) |
| Plaintiff, | ) |
| v. | ) ORDER   GRANTING   DEFENDANTS' |
| | ) MOTION FOR SUMMARY JUDGMENT |
| WILLIE WILLIAMS, CITY OF LOS ANGELES and 50 UNKNOWN NAMED MEMBERS OF THE LOS ANGELES POLICE DEPARTMENT | ) |
| Defendant. | ) |

ENTER ON ICMS

SEP - 5 2001

## I.   INTRODUCTION

The instant case is a civil rights action pursuant to 42 U.S.C. § 1983.  Defendants filed the instant motion for summary judgment on May 29, 2001.  The motion was heard on July 9, 2001.  Plaintiff Valeria Nicolescu Matasareanu appeared pro se.  Don W. Vincent appeared for defendants.  Defendants' motion is based in part on the contention that the record contains no evidence supporting municipal liability under Monell v. New York City Dep't of Social Servs., 436 U.S. 239 (1978).  In a motion filed on July 3, 2001, plaintiff requested that the Court enter an order directing defendants to produce evidence and extending

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).



the time to file an opposition to the summary judgment motion. In an order issued on July 9, 2001, the Court stated as follows:

> Plaintiff is ordered to serve on defendants and file with the Court, not later than July 16, 2001, a list of documents of which plaintiff seeks discovery, limited to documents pertaining to the issue of municipal liability based on municipal customs or practices under <u>Monell v. New York City Dep't of Social Servs.</u>, 436 U.S. 239 (1978). Defendants the City of Los Angeles and Willie Williams are ordered to provide copies of the requested documents to plaintiff not later than five business days after service of plaintiff's list. If defendants dispute the discoverability of any requested documents, defendants shall contact Deputy Clerk Maynor Galvez to arrange a telephonic conference at which the dispute will be resolved by the Court.

The Court also set dates for plaintiff's opposition brief and defendants' reply. The parties did not bring any discovery disputes to the attention of the Court after the issuance of the order. Plaintiff filed her opposition on August 21, 2001. Defendants filed a reply on August 28, 2001. The Court concludes that this matter is suitable for determination without a further hearing. The Court's findings of fact and conclusions of law are set forth below.

## II.   FACTS

Plaintiff lodged a complaint in this action on September 2, 1997, and concurrently filed a motion for leave to proceed in forma pauperis. Following the Court's denial of the motion for leave to proceed in forma pauperis, plaintiff filed the complaint on October 15, 1997. Plaintiff's case was related to another § 1983 case, <u>Emil Matasareanu v. Daryl Gates</u>, CV 97-02445 CAS (RCx). On February 2, 2000, the Court denied defendants' motion to consolidate the two cases, and took a pending motion to dismiss the instant case by Officer John Futrell, a defendant in the low-numbered case, under submission pending the trial of the low-numbered case. The jury in the low-numbered case did not

reach a verdict. Subsequently, pursuant to a settlement, the terms of which are not relevant to the present action, the low-numbered case was dismissed on December 5, 2000. On March 7, 2001, the Court denied Futrell's motion to dismiss the instant case on the ground that Futrell had never been named as a defendant herein, and therefore his motion was rendered moot. On May 16, 2001, the Court denied plaintiff's motion for leave to amend the complaint. Defendants former police chief for Los Angeles, Willie Williams, and the City of Los Angeles filed the instant motion for summary judgment on May 29, 2001.

The complaint alleges that plaintiff's son, Emil Matasareanu, participated in a bank robbery in North Hollywood, California, on February 28, 1997, and died at the scene of the robbery after being shot by police. The complaint further alleges that plaintiff would have survived had he received timely medical attention, and that police officers were responsible for the failure of such attention to be provided.

Willie Williams, the City of Los Angeles, and 50 fictitiously named Los Angeles police officers are named as defendants in the complaint. Three claims for relief are alleged. The first claim for relief alleges a violation of Fourth and Fourteenth Amendments through use of excessive force. The second claim for relief alleges a violation of the Eighth Amendment guarantee against cruel and unusual punishment. The third claim for relief alleges conspiracy to commit the foregoing alleged violations.

As noted in the Court's order of March 7, 2001, plaintiff never attempted to name individual police officers as defendants by substituting their names for Doe defendants or in any other way. Thus the only defendants in the case are Willie Williams and the City of Los

S:\Orders\CIVIL\1997\97-6531.6.wpd                    3

Angeles.

The summons and complaint were served on the Office of the Chief of Police on May 18, 1998, when the chief of the Los Angeles Police Department was Bernard E. Parks. No other attempt to serve defendant Willie Williams was made. Defs.' Stmt. of Uncontroverted Facts ¶¶ 1-5.

Defendants concede that Emil Matasareanu was fatally shot by police following the bank robbery on February 28, 1997. Defs.' Stmt. of Uncontroverted Facts ¶ 6.

**III.   DISCUSSION**

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party has sustained its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested. See Fed. R. Civ. P. 56(c). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990). See also Celotex Corp., 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that

S:\Orders\CIVIL\1997\97-6531.6.wpd                    4

party's case, and on which that party will bear the burden of proof at trial." Id. at 322. See also Abromson v. American Pacific Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

Defendant Willie Williams has been sued in this case in his official capacity only. From his being served only at the Office of the Chief of Police, from plaintiff's attempt to serve him there only after his term as Chief of Police had expired, and from the absence of any indication in the complaint or elsewhere in the record that this case concerns any particular conduct of Willie Williams as an individual, it is evident that plaintiff intended to sue the Chief of Police in his official capacity. The only other named defendant is the City of Los Angeles; no individual police officers are defendants in this case. Therefore, plaintiff's claims must be construed as claims of municipal liability under Monell v. New York City Dep't of Social Servs., 436 U.S. 239 (1978).

S:\Orders\CIVIL\1997\97-6531.6.wpd

Municipal liability exists under Monell only where official policies or customs, such as policies or customs pertaining to hiring, training or supervision, or improper omissions of such policies or customs, cause municipal employees to violate another's federally protected rights. 436 U.S. at 692. Plaintiff attaches excerpts from the Manual of the Los Angeles Police Department to her opposition brief. Plaintiff argues that portions of the Manual pertaining to medical treatment of injured suspects are "extremely vague and leave much to the discretion of the officer in the field," and that the pertinent provisions "include a virtual requirement to cancel a call for a rescue ambulance when the officer deems the ambulance 'not necessary.'" Opp'n at 5. The Court concludes that nothing in the portions of the Manual plaintiff has indicated support a finding of municipal liability under Monell. On the contrary, the Manual indicates that "[a]n arrestee in need of medical treatment shall be transported by the officers to the nearest contact [sic] hospital. When it is necessary to transport an arrestee by ambulance, at least one officer shall accompany the arrestee in the ambulance." 4 Manual of the Los Angeles Police Department § 648.13, at 378 (1996).

Plaintiff also represents that counsel for defendants told her that no records exist of any disciplinary action taken against the officers involved. Plaintiff argues that failure to discipline is evidence of "a policy favoring questionable conduct." Opp'n at 5. In support of this proposition, plaintiff cites Larez v. City of Los Angeles, 946 F.2d 630 (9th Cir. 1991). Larez does not support plaintiff's position. Larez concerned a search by the LAPD's CRASH unit of a home in which handcuffed occupants were assaulted and threatened with death, one resident was badly beaten, and the

interior of the home was destroyed. The Ninth Circuit stated that Chief Gates' failure to take any remedial steps after the incident was among the evidence of a ratification of the officers' conduct which the jury could reasonably have relied on in finding a departmental custom or practice supporting the use of excessive force during searches. Id. at 647. In the instant case, plaintiff has not submitted sufficient evidence regarding either the proposition that the officers should have been disciplined, or the proposition that if they should have been, the lack of discipline was of a nature which would support the conclusion that the police department ratified the officers' conduct. The nonexistence of evidence showing that officers were disciplined does not constitute "a showing sufficient to establish the existence of an essential element" of plaintiff's case, Celotex, supra, at 322, namely, the element of a municipal custom or practice under Monell. The Court concludes that plaintiff has not submitted evidence relevant to her Monell claim sufficient to sustain her burden on a motion for summary judgment in the circumstances of this case.

Because plaintiff has not submitted evidence sufficient to give rise to a genuine issue of material fact regarding Monell liability, the Court concludes that no triable issues of fact exist regarding plaintiff's claims of municipal liability for officers' alleged violations of the Fourth, Eighth, and Fourteenth Amendments.

The conclusion stated in the foregoing paragraph also compels the conclusion that summary judgment must be granted on plaintiff's conspiracy claim. No triable questions of fact can exist on a conspiracy claim if none exist with respect to the underlying alleged acts.

S:\Orders\CIVIL\1997\97-6531.6.wpd                    7

Even if plaintiff had sustained her summary judgment burden with respect to municipal policies and customs, summary judgment would be appropriate on her claims under the Fourth Amendment. A Fourth Amendment claim may not be asserted vicariously by a survivor in a wrongful death action, but may only be asserted by the individual who claims to have been personally harmed or that person's estate. The Ninth Circuit is among the federal courts that apply a constitutional approach to wrongful death cases under § 1983, according to which the wrongful death claimant must assert that he was deprived of his own constitutional rights (namely Fourteenth Amendment substantive due process rights) by the killing of his decedent. See 1C Martin A. Schwartz & John E. Kirklin, Section 1983 Litigation: Claims and Defenses § 13.3 at 83 (3d ed. 1997). The leading Ninth Circuit case is Smith v. City of Fontana, 818 F.2d 1411, 1417 (9th Cir. 1983), overruled in part on other grounds by Hodgers-Durgin v. De La Vina, 199 F.3d 1037 (9th Cir. 1999). In Smith, the court held that parents and children both have a protected liberty interest in their relationships with each other, id. at 1417-20, and therefore a surviving child or parent can advance a § 1983 wrongful death claim on his own behalf on the basis of his right not to be deprived of his liberty without due process under the Fourteenth Amendment. Id. But the court also held that the survivor cannot advance a Fourth Amendment claim in his own right based on the violation of the decedent's Fourth Amendment rights, id. at 1417, because Fourth amendment rights are "personal" to the injured party and may not be asserted vicariously, see, e.g., Alderman v. United States, 394 U.S. 165, 174 (1969). In the instant case, therefore, the Court concludes that plaintiff may not advance

a claim in her own right based on the alleged violation of her son's Fourth Amendment rights, and summary judgment in favor of defendants on the Fourth Amendment claim would be appropriate on this basis alone.

## IV. CONCLUSION

For the reasons set forth herein, defendants' motion for summary judgment is GRANTED. This order constitutes the Court's findings of fact and conclusions of law. Each side shall bear its own attorney's fees and costs.

IT IS SO ORDERED.

Dated:   August 29, 2001

_____
CHRISTINA A. SNYDER
United States District Judge

S:\Orders\CIVIL\1997\97-6531.6.wpd